**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>   *Plaintiff*,<br><br> v.<br><br>MENA MIRHOM, MD,<br><br>   *Defendant*. | Civil Action No. 22-2706<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  *Pro se* Plaintiff Fritz Gerald Toussaint seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 2.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

  Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, D.E. 2, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

  When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

I.    ANALYSIS

In this matter, Plaintiff alleges that Mena Mirhom, while operating under the color of state law, subjected him to "cruel and unusual treatment" in violation of the Constitution. D.E. 1 (hereinafter, "Compl.") at 5. Plaintiff further claims that he was denied an ADA[1] accommodation "that would protect[] his right of due process." *Id.* Finally, Plaintiff seems to assert a violation of his freedom of speech and freedom of association rights arising from the alleged deprivation of his priest. *Id.*

**A. Section 1983 Claims**

While not explicitly stated, Plaintiff appears to assert Section 1983 claims against Defendant. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*See* 42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J.

---

[1] The Court assumes that "ADA" in the Complaint refers to the Americans with Disabilities Act.

Apr. 14, 2015). Construing the Complaint liberally, the Court finds that Plaintiff has asserted that Defendant is a state actor because he was allegedly "operating under the color of a state statute." Compl. at 5.

Plaintiff appears to bring an Eighth Amendment claim for "cruel and unusual treatment" in violation of his constitutional protections. Compl. at 5. The Eighth Amendment prohibits the infliction "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). As a threshold matter, Plaintiff has not alleged that he has been convicted of a crime or otherwise alleged how he is entitled to the protection of the Eighth Amendment's prohibition against cruel and unusual punishment. Further, Plaintiff does not provide any detail as to how Defendant allegedly subjected him to cruel and unusual treatment. Without more, Plaintiff fails to state a plausible Eighth Amendment claim.

Plaintiff also asserts that he "was denied an ADA accommodation that would protect[] his right of due process." Compl. at 5. The Court first analyzes this as a due process claim. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. The Fourteenth Amendment's Due Process Clause has a procedural and substantive component. *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000). To state a claim for deprivation of procedural due process, a plaintiff must demonstrate that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

Similarly, "[t]o prevail on a non-legislative substantive due process claim,"[2] a plaintiff must first establish that it "has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas*, 227 F.3d 133 at 139-40.  If the property interest falls within the protection of the Fourteenth Amendment, a plaintiff must then show that deprivation of that interest was arbitrary or irrational.  *Id.* at 142.  Here, Plaintiff fails to provide any detail as to which ADA accommodation he was allegedly denied.  Without such information, the Court cannot assess whether Plaintiff was deprived of an interest protected by the Fourteenth Amendment.  Moreover, the Complaint does not explain why the accommodation was denied or which procedures were available to Plaintiff prior to the alleged deprivation.  Thus, even assuming Plaintiff could plausibly plead that his interest in an ADA accommodation is protected by the Fourteenth Amendment, he has not satisfied the requirements for pleading either a procedural due process or a non-legislative substantive due process claim.  Accordingly, Plaintiff's due process claim is dismissed.

Finally, Plaintiff appears to allege that Defendant violated his First Amendment freedom of speech and freedom of association rights because he was deprived of his priest.  Compl. at 5.  The First Amendment provides that "Congress shall make no law…abridging the freedom of speech…or the right of the people to peacefully assemble."  U.S. Const. amend I.  "Speech" encompasses speaking and writing as well as expressive conduct, or symbolic speech.  *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 158 (3d Cir. 2002).  Here, it appears Plaintiff's First Amendment claim concerns expressive conduct rather than literal speech or writing.  "Conduct is protected by the First Amendment when the nature of [the] activity, combined

---

[2] To the extent Plaintiff brings a *substantive* due process claim, the Court construes it as a non-legislative substantive due process claim as the Complaint makes no mention of a legislative act.

with the factual context and environment in which it was undertaken, shows that the activity was sufficiently imbued with elements of communication to fall within the [First Amendment's] scope." *Id.* (internal quotations omitted) (alterations in original). Plaintiff does not provide any details that would allow the Court to assess whether the conduct at issue falls within the protection of the First Amendment. Thus, Plaintiff fails to state a First Amendment claim for violation of his freedom of speech.

The First Amendment also provides constitutional protection for two types of freedom of association: intimate association and expressive association. *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 (3d Cir. 2000), *as amended* (Nov. 29, 2000). The Court construes Plaintiff's Complaint as alleging a violation of his freedom of expressive association. Freedom of expressive association secures "'a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion.'" *Id.* (quoting *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984)). However, "there is no constitutional right to associate for a purpose that is not protected by the First Amendment." *Salvation Army v. Dep't of Cmty. Affs. of State of N.J.*, 919 F.2d 183, 199 (3d Cir. 1990). Further, as the Third Circuit summarized, the Supreme Court "has cast a fairly wide net in its definition of what comprises expressive activity," but it has also admonished that "protected expression does not include any possible expression. *Pi Lambda Phi Fraternity*, 229 F.3d at 443-44. Here, Plaintiff alleges without any supporting detail that his freedom of association was infringed when Defendant "deprived him of his priest." Compl. at 5. This statement is insufficient to sufficiently allege that Defendant's conduct violated Plaintiff's First Amendment rights. *See Khan v. City of Paterson*, Civ. No. 17-5006, 2018 WL 2059550, at *7 (D.N.J. May 2, 2018) (dismissing First Amendment claim alleging violation of the plaintiffs' freedom of

expressive association because the plaintiffs did not sufficiently allege that they were engaged in any expressive association or otherwise provide the court with a basis for reasonably inferring that the defendants violated plaintiffs' First Amendment rights). Accordingly, Plaintiff fails to state a First Amendment claim on these grounds.

### B.  ADA Claim

Plaintiff's assertion that he was denied an ADA accommodation that would protect his due process rights may also be construed as a claim under the ADA. D.E. 1 at 5. The Court construes the Complaint as alleging a violation of Title III of the ADA. "Under Title III of the ADA, it is unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 164 (3d Cir. 2006). To establish a public accommodation claim under the ADA, a plaintiff must show that (1) she is disabled, (2) the complained-of venue is a "public accommodation" under Title III of the ADA, and (3) the venue unlawfully discriminated against the plaintiff on the basis of her disability by failing to make a reasonable modification that was necessary to accommodate her disability. *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019). Plaintiff alleges that he is "a person with a disability." Compl. at 5. While this allegation is only conclusory, Plaintiff also has not alleged the other elements (much less facts to support them) of a public accommodation claim. Thus, Plaintiff's ADA claim also fails.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment

is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

## II.     CONCLUSION

**IT IS** on this 13th day of May 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.